FILED
SCRANTON
OCT 27 2014
Per_____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

JABORIE BROWN,
      Petitioner

    v.

WARDEN EBBERT, et al.,
      Respondent.

CIVIL ACTION NO. 3:14-CV-1924

(Judge Kosik)

## ORDER

AND NOW, this 27th day of October, 2014, IT APPEARING TO THE COURT THAT:

(1) Petitioner, Jaborie Brown, a prisoner confined at the United States Penitentiary-Lewisburg, Lewisburg, Pennsylvania, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 on October 6, 2014 (Doc. 1);

(2) In his petition, petitioner challenges his conviction and sentence in the United States District Court for the Southern District of Florida and raises several claims arising out of his conviction and sentence;

(3) The action was assigned to Magistrate Judge Karoline Mehalchick for Report and Recommendation;

(4) On October 7, 2014, the Magistrate Judge issued a Report and Recommendation (Doc. 2) wherein she recommended that the case be dismissed without prejudice to the petitioner's right to file a §2255 motion in the sentencing court, subject to the pre-authorization requirements of 28 U.S.C. §2244 and §2255(h);

(5) Specifically, the Magistrate Judge points out that petitioner is challenging the imposition of his sentence, that he filed a petition to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, which was denied by the sentencing court, and that petitioner's exclusive remedy to pursue the instant claim is

not §2241, but §2255, since relief under §2255 would not be an ineffective or inadequate remedy;

(6) On October 17, 2014, petitioner filed an Objection (Doc. 3) to the Report and Recommendation;

(7) In his Objection, petitioner asserts that he wishes to amend his answer to Question 5 of the Petition to state that he is "challenging the manner in which his judicial sentence for Hobbs Act Robbery under 18 U.S.C. § 1951, is being executed as explain (sic) in his initial Petition." He further argues that a §2255 motion is inadequate or ineffective to test the legality of his detention;

AND, IT FURTHER APPEARING THAT:

(8) When objections are filed to a Report and Recommendation of a Magistrate Judge, we must make a de novo determination of those portions of the Report to which objections are made. 28 U.S.C. §636(b)(1)(C); see Sample v. Diecks, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989). In doing so, we may accept, reject or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. §636(b)(1); Local Rule 72.3. Although our review is de novo, we are permitted by statute to rely upon the Magistrate Judge's proposed recommendations to the extent we, in the exercise of sound discretion, deem proper. United States v. Raddatz, 447 U.S. 667, 676 (1980); Goney v. Clark, 749 F.2d 5, 7 (3d Cir. 1984);

(9) After reviewing the Magistrate Judge's Report and Recommendation and the Petitioner's Objection, we find that the Magistrate Judge is correct in concluding that the proper vehicle for raising petitioner's claims is a motion pursuant to 28 U.S.C. §2255. However, because petitioner has already unsuccessfully filed a §2255 motion in the United States District Court for the Southern District of Florida, the Petitioner's recourse to raise such claims lies in the United States Court of Appeals for the Eleventh Circuit, wherein Petitioner must seek certification to file a successive motion in the district court. 28 U.S.C. §2255 (h)(1); 28 U.S.C. §2244;

(10) As the Magistrate Judge indicates, in order to obtain relief under §2241, a petitioner must show that the remedy under §2255 would be inadequate or ineffective. In re Dorsainvil, 119 F. 3d 245 (3d Cir. 1997). Importantly, §2255 is not "inadequate or ineffective" merely because the sentencing court has previously denied relief. See id. at 251. Nor do legislative limitations, such as statutes of limitation or gatekeeping provisions, placed on §2255 proceedings, render the remedy inadequate or ineffective so as to authorize pursuit of a habeas corpus petition in this court. Cradle v. United States, 290 F. 3d 536, 539 (3d. Cir. 2002); United States v. Brooks, 230 F. 3d 643, 647 (3d Cir. 2000); Dorsainvil, 119 F. 3d at 251.[1]

ACCORDINGLY, IT IS HEREBY ORDERED THAT:

(1) The Report and Recommendation of Magistrate Judge Karoline Mehalchick dated October 7, 2014 (Doc. 2) is **ADOPTED**;

(2) The Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. 1) is **DISMISSED** without prejudice;

(3) The Clerk of Court is directed to **CLOSE** this case and to forward a copy of this Order to the Magistrate Judge; and

(4) Based on the court's conclusions herein, there is no basis for the issuance of a certificate of appealability.

Edwin M. Kosik
United States District Judge

---

[1] While petitioner asserts in his Petition that he falls under the Savings Clause of 28 U.S.C. § 2255, relying on the United States Supreme Court's decision in Sekhar v. United States, _U.S._ 133 S. Ct. 2720 (2013), we disagree. In Sekhar, the Supreme Court considered whether attempting to compel a person to recommend that his employer approve an investment constitutes obtaining property from another in violation of the Hobbs Act. The Court held that it does not. In this case, petitioner was charged with drug violations, Hobbs Act robbery, and other crimes of violence. See, United States v. Brown, 227 Fed. Appx. 795 (11th Cir. 2007). There was no intervening change in substantive law created by the Supreme Court's decision in Sekhar that should be applied retroactively to petitioner's case.